UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 10752 NMG DOCKET NO.

SUSAN BARNETT WOOD,
    Plaintiff

v.                                    COMPLAINT

TOWN OF FALMOUTH,
    Defendant
                            MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 4-14-05

## INTRODUCTION

1. This action arises from the denial of accessible sidewalks, crosswalks, and ramps to qualified handicapped individuals and/or persons with disabilities throughout the Town of Falmouth, MA.

2. The public sidewalks, crosswalks, and ramps located in the Town of Falmouth are supposed to allow for equal accessibility for all. Instead, they are decidedly inaccessible for persons with mobility disabilities, who are relegated to second-class or worse status due to the numerous physical access barriers in these sidewalks, crosswalks, and ramps throughout the Town of Falmouth. For example, a person in a wheelchair must, to travel along public pedestrian routes in Falmouth, contend with excessive and unsafe cross-slopes, a lack of adequate curb cuts and ramps, insufficient clearance, and excessive curb ramp lips. Thus, the plaintiff, as a person who is a "qualified handicapped individual" and/or a "person with disabilities" is unable to properly and safely travel these public routes in Falmouth as an equal citizen under the law, in violation of her civil rights.

3. The plaintiff, who is a person with a physical disability and/or who has a "handicap" has been denied equal protection under the law and denied her civil rights

secured under state and federal law. The plaintiff seeks injunctive relief to require the defendant to make these areas properly accessible and in compliance with the law. The plaintiff also seeks recovery of damages for her discriminatory experiences and seeks recovery of reasonable attorneys' fees and litigation expenses and costs, according to statute.

## JURISDICTION

4.  This Court has proper original jurisdiction over this action pursuant to 28 U.S.C., § 1331, where the claims herein raise federal questions under the constitution and laws of the United States. This Court also has supplemental jurisdiction over all claims arising under the laws of the Commonwealth of Massachusetts pursuant to 28 U.S.C., § 1367.

## THE PARTIES

5.  The plaintiff, Susan Barnett Wood (hereinafter "Wood"), is a resident of the Commonwealth of Massachusetts and lives at 15 Jericho Path, Falmouth, MA. Ms. Wood requires the use of a wheelchair or motorized scooter to move about. She has had at all relevant times a "handicap" and is a "qualified handicapped individual" as these terms are used under Massachusetts state laws including, but not limited to, M.G.L. c. 151B, § 1(17) and M.G.L.A. Const. Amend. Art. 114. Additionally, she is, and was at all relevant times, a physically disabled person and a "person with disabilities," as these terms are used under federal law including, but not limited to, § 504 of the Rehabilitation Act of 1973 and Title II of the Americans With Disabilities Act of 1990.

6.     The defendant, Town of Falmouth (hereinafter "Falmouth"), is a town in the Commonwealth of Massachusetts and is a public entity subject to Article CXIV of the Massachusetts Constitution, M.G.L. c. 93, § 103, Title II of the Americans with Disabilities Act, the requirements of § 504 of the Rehabilitation Act, and to all other legal requirements referred to in this complaint. Upon information and belief, Falmouth owns, controls, and maintains all of the areas and routes of passage that are the subject of this action.

## FACTS

7.     The plaintiff has repeatedly, including on a frequent and regular basis during the past three years, encountered hazardous and inaccessible conditions along a number of public pedestrian routes throughout Falmouth.

8.     These areas include, but are not limited to, the sidewalks, crosswalks, and ramps at the following locations: the intersection of Jericho Path and Falmouth Heights Road; the west sidewalk along Falmouth Heights Road; the crosswalk across Falmouth Heights Road at Davis Straights Road; the south sidewalk along Main Street in front of Fleet Bank; the south sidewalk along Main Street in front of Cumberland Farms and Maytag; the north sidewalk along Main Street in front of the Governor Fuller Recreation Center; the north curb ramp for crossing Main Street at Scranton; the southeast and southwest corner of Scranton and Main Street, the north end of west crosswalk at the corner of Nie Road and Main Street; the southeast and southwest corners of Nie Road and Main Street; the crosswalk across Main Street at St. Patrick's; the crosswalk across Main Street at Brook's Drugstore; the intersection of Main Street and King Street; the north sidewalk along Main Street east of Walker Street; the south sidewalk along Main Street in front of Puritan Street; the northwest

corner of Main Street and Post Office Road; and the pedestrian route from Main Street to the bus station.

9. The foregoing areas, and many others in Falmouth, fail to comply with the Americans with Disabilities Act, Accessibility Guidelines for Buildings and Facilities (ADAAG). Problems with these areas include, but are not limited to, lack of sufficient landings at the top of curb ramps, excessive sidewalk cross-slopes, excessive vertical displacements, lack of sufficient sidewalk clearance or sidewalk obstructions, lack of curb ramps, and excessive bumps or curb ramp lips.

10. On numerous occasions, the plaintiff has been unable to safely travel these and other pedestrian routes in Falmouth due to their inaccessibility. On several occasions, the dangerous conditions described above have caused the plaintiff's motorized scooter to jolt violently or to tip over. In some places, the plaintiff has been forced to operate her scooter on the street at a serious risk of injury and forcing her to suffer the indignity of being yelled at by passing motorists.

11. The plaintiff has repeatedly brought the accessibility problems to the attention of Falmouth representatives. However, despite the plaintiff's request that some action be taken by Falmouth to remedy these problems, upon information and belief, the defendant has failed to take any action whatsoever.

12. Upon information and belief, even a number of sidewalks, crosswalks, and ramps that have been recently renovated and repaved by Falmouth remain unsafe in violation of the law.

13. As a result of the defendant's actions and failure to act, and as a result of its failure to provide suitable disabled access, Ms. Wood has suffered a denial of her civil rights, physical and emotional discomfort, pain and suffering, and a denial of her rights to full and equal access to public pedestrian routes of travel, all to her general

and statutory damages. As a result of the foregoing facts, Ms. Wood has been denied her civil rights, was embarrassed, humiliated, and was denied full and equal access solely on the basis that she is physically disabled.

## COUNT I

### Discrimination in Violation of Title II of the Americans With Disabilities Act of 1990

14. The plaintiff restates, reasserts, and incorporates by reference the allegations contained in paragraphs 1 through 13 of her complaint as if specifically set forth herein.

15. At all times herein mentioned, the plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the Americans with Disabilities Act of 1990 (hereinafter referred to alternatively as the "ADA"). Pursuant to 42 U.S.C., § 12132, § 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Defendant Falmouth was and is such a public entity. The plaintiff was, at all times relevant herein, a qualified individual with a disability for all purposes under the ADA.

16. In violation of Title II of the ADA, the defendant has failed to ensure that individuals with physical disabilities such as the plaintiff is not excluded from routes of public travel throughout the Town of Falmouth.

17. As a result of such discrimination, in violation of § 202 of the ADA, the plaintiff is entitled to the remedies, procedures, and rights set forth in § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794(a)) as provided by § 203 of the ADA.

18. Despite being informed of the conditions described above, the defendant, upon information and belief, to the date of filing this Complaint, has failed to bring the Town's public routes of pedestrian transportation into compliance with the law and accessible to and usable by physically disabled persons as required by law.

19. The plaintiff requests that an injunction be ordered requiring the defendant to make all such areas herein described accessible to and usable by disabled persons to ensure that no disabled person using a wheelchair or who is otherwise mobility impaired is denied the full and equal use of all sidewalks, crosswalks, and ramps in the Town of Falmouth.

20. The plaintiff requests appropriate damages, litigation expenses and costs, and reasonable attorneys' fees as provided by law.

WHEREFORE, the plaintiff prays that this Court grant relief as requested herein below.

## COUNT II

### Violation Of §504 Of The Rehabilitation Act Of 1973

21. The plaintiff restates, reasserts, and incorporates by reference the allegations contained in paragraphs 1 through 20 of her complaint as if specifically set forth herein.

22. Defendant is a government entity existing under the laws of the Commonwealth of Massachusetts and the United States government, with responsibility for, *inter alia*, constructing, maintaining, and operating the public routes of pedestrian access in the Town of Falmouth, including sidewalks, crosswalks, and ramps. Plaintiff is informed and believes, and thereon alleges, that the Town of Falmouth and the Commonwealth have each been a recipient of Federal financial

assistance, and that part of that financial assistance was and is used to fund the construction, alteration and operation of the subject areas as described above.

23. By its actions or inaction in denying accessible public routes of pedestrian access, defendant has violated plaintiff's rights under §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, and the regulations promulgated thereunder.

24. Plaintiffs has no adequate remedy at law, and unless the relief requested herein is granted, plaintiff or any other similarly situated disabled persons who have cause to use the subject areas will suffer irreparable injury by the deprivation of proper access.

25. Plaintiff requests that an injunction be ordered requiring that defendant make all such areas described herein accessible to, and usable by, disabled persons and set up practices and procedures to ensure that no disabled person using a wheelchair or who is otherwise mobility impaired is denied the use of properly accessible public routes of pedestrian access throughout Falmouth.

26. Plaintiff requests appropriate damages, litigation expenses and costs, and reasonable attorneys' fees as provided by law.

WHEREFORE, plaintiff prays that this Court grant relief as requested herein below.

### COUNT III

### Violation Of Americans With Disabilities Act, 28 C.F.R §35.105, Inadequate Self-Evaluation

27. The plaintiff restates, reasserts, and incorporates by reference the allegations contained in paragraphs 1 through 26 of her complaint as if specifically set forth herein.

28. Under the regulations implementing Title II of the ADA, the defendant is required to develop a self-evaluation plan which evaluates its current services, policies, and practices, and the effects thereof that do not or may not meet the Title II requirements for public entities. The regulations further require that the defendant evaluates the extent to which modification of any such services, policies, and practices is required, and implement such modifications to ensure compliance with Title II of the ADA and its implementing regulations. 28 C.F.R. §35.105(a).

29. Upon information and belief, the defendant violated Title II and its implementing regulations by failing to develop an adequate self-evaluation plan and failing to identify and implement modifications necessary to achieve compliance with Title II with respect to public routes of pedestrian access in Falmouth, including sidewalks, crosswalks, and ramps.

30. Upon information and belief, in violation of 28 C.F.R. §35.105(c), defendant also failed to maintain on file and make the following items available for public inspection for at least three years following completion of the self-evaluation plan: a list of the interested persons consulted; a description of areas examined and any problems identified, and; a description of any modifications made.

31. Defendant's conduct constitutes an ongoing and continuous violation of the ADA, and said conduct, unless enjoined, will continue to inflict injuries for which the plaintiff has no adequate remedy at law. Consequently, the plaintiff is entitled to injunctive relief and damages as set forth in the prayer for relief herein.

WHEREFORE, plaintiff prays that this Court grant relief as requested herein below.

## COUNT IV

**Violation Of The Massachusetts Equal Rights Law, M.G.L. C.93 §103 And Article CXIV Of The Massachusetts Constitution**

32. The plaintiff restates, reasserts, and incorporates by reference the allegations contained in paragraphs 1 through 31 of her complaint as if specifically set forth herein.

33. M.G.L. c.93, §103 provides that "[a]ny person within the commonwealth, regardless of handicap or age...shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, including, but not limited to, the rights secured under Article CXIV of the Amendments to the Constitution." Article CXIV of the Massachusetts Constitution provides that "[n]o otherwise qualified handicapped individual shall, solely by reason of his handicap, be excluded from the participation in, denied the benefits of, or be subject to discrimination under any program or activity within the commonwealth."

34. Through the acts and omissions described hereinabove, in denying the plaintiff full and equal access to Falmouth's routes of public travel, the defendant has violated the provisions of M.G.L. c. 93, §103, and denied the plaintiff her rights secured under Article CXIV of the Massachusetts Constitution.

35. To prevent this continuing and ongoing violation of her rights, the plaintiff seeks injunctive and other appropriate equitable relief, as described below, as well as compensatory and exemplary damages, litigation costs and reasonable attorneys' fees.

WHEREFORE, plaintiff prays that this Court grant relief as requested herein below.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, Susan Barnett Wood, prays that this Honorable Court:

1. Issue a preliminary and permanent injunction directing the defendant to modify its public routes of pedestrian access, including the above-described areas, so that each provides full and equal access to all citizens, including persons with disabilities, as required by law;

2. Retain jurisdiction over the defendant until such time as the Court is satisfied that the defendant's unlawful policies, practices, acts, and omissions, and maintenance of its public places as complained herein has been properly remedied;

3. Award to the plaintiff all appropriate damages, including but not limited to, statutory damages, general damages, and special damages in an amount within the jurisdiction of the Court, according to proof;

4. Award to the plaintiff all litigation expenses and costs of this proceeding and all reasonable attorney fees as provided by law; and,

5. Grant such other and further relief as this court may deem just and proper.

## JURY DEMAND

The plaintiff, Susan Barnett Wood, demands a trial by jury on all issues so triable.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

*/s/ Michael B. Newman*

Michael B. Newman (632222)
William J. Hunt (244720)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Susan Barnett Wood

## DEFENDANTS

Town of Falmouth

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Barnstable
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Barnstable
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael B. Newman, Clark, Hunt & Embry
55 Cambridge Parkway, Cambridge, MA 02142
(617) 494-1920

ATTORNEYS (IF KNOWN)

05 10752 NMG

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 555 Prison Condition | | ☐ 871 IRS — Third Party 26 USC 7609 |
| | | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This action arises from the defendant Town of Falmouth's denial of properly accessible sidewalks crosswalks, and ramps to the plaintiff, a qualified handicapped individual

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Injunctive Relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE: 4/12/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Susan Barnett Wood v. Town of Falmouth__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       *Also complete AO 120 or AO 121
                                                                                   for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                         YES        NO X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                         YES        NO X

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                         YES        NO X

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                         YES        NO X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                         YES        NO X

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION        CENTRAL DIVISION X        WESTERN DIVISION

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael B. Newman__
ADDRESS __Clark, Hunt & Embry, 55 Cambridge Parkway, Cambridge, MA 02142__
TELEPHONE NO. __(617) 494-1920__

(Cover sheet local.wpd - 11/27/00)