UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN BARNETT WOOD, )<br>　　　　　　　　Plaintiff, )<br>v. )<br>　　　　　　　　　　　　 )<br>TOWN OF FALMOUTH, )<br>　　　　　　　　Defendant. )<br>　　　　　　　　　　　　 ) | DOCKET NO.: 05 - 10752 - NMG |

**DEFENDANT'S JURY DEMAND AND ANSWER TO COUNTS I, II AND IV**

First Defense

Plaintiff fails to state a claim in her Complaint upon which relief can be granted.

Second Defense

Defendant Town of Falmouth ("Falmouth") responds to the allegations contained in Plaintiff's Complaint, paragraph by paragraph, as follows:

**Introduction**

1-3.　Falmouth denies the allegations contained in Paragraphs No. 1-3.

**Jurisdiction**

4.　Falmouth does not respond to Paragraph 4 because it states conclusions of law to which Falmouth has no obligation to respond. Falmouth, therefore, leaves Plaintiff to her proof.

**Parties**

5.　Falmouth neither admits nor denies the allegations contained in Paragraph No.5 because it has no knowledge of the same and, therefore, calls upon Plaintiff to prove those allegations.

6.　Falmouth does not respond to Paragraph No. 6 to the extent it states conclusions of law to which Falmouth has no obligation to respond. Further, Falmouth denies that it is subject to all the legal requirements referenced in the Complaint. Falmouth admits the remaining allegations of Paragraph No. 6.

**Facts**

7.　Falmouth neither admits nor denies the allegations contained in Paragraph No. 7 because it has no knowledge of the same and, therefore, calls upon Plaintiff to prove those allegations.

8-9.     Falmouth denies the allegations contained in Paragraphs No. 8-9.

10.      Falmouth denies that there are any of the "dangerous conditions" to which Plaintiff refers in Paragraph No. 10. Falmouth neither admits nor denies the remaining allegations contained in Paragraph No.10 because it has no knowledge of the same and, therefore, calls upon Plaintiff to prove those allegations.

11.      Falmouth denies the allegations contained in Paragraph No. 11.

12.      Falmouth admits to renovations of a number of sidewalks, crosswalks and ramps but denies that they were in the past, or are now, unsafe.

13.      Falmouth denies the allegations contained in Paragraph No. 13.

## Count I - Violation of Title II to the ADA of 1990

14.      Falmouth repeats and makes responses to Paragraph Nos. 1-13 its response to Paragraph No. 14 as if set forth herein.

15.      Falmouth admits that it is a public entity. Falmouth does not respond to the remaining allegations of Paragraph No. 15 because they state conclusions of law to which Falmouth has no obligation to respond.

16-18.   Falmouth denies the allegations contained in Paragraphs No. 16-18.

19-20.   Falmouth neither admits nor denies the allegations contained in Paragraphs No. 19-20 because it has no knowledge of the same and, therefore, calls upon Plaintiff to prove those allegations.

         **WHEREFORE**, Falmouth asserts that Plaintiff's claim are without merit and that they should be dismissed.

## Count II - Violation of § 504 of the Rehabilitation Act of 1973

21.      Falmouth repeats and makes responses to Paragraph Nos. 1-20 its response to Paragraph No. 21 as if set forth herein.

22.      Falmouth admits only that it is an entity. Falmouth denies that it received federal funding to fund the construction, alteration and operation of the areas described in Plaintiff's Complaint. Falmouth does not respond to the remaining allegations of Paragraph No. 22 because they state conclusions of law to which Falmouth has no obligation to respond.

23-24.   Falmouth denies the allegations contained in Paragraphs No. 23-24.

25.    Falmouth denies that the areas referenced within Plaintiff's Complaint are inaccessible or usable or that Falmouth has denied anyone the use of properly accessible public routes. Falmouth neither admits nor denies the remaining allegations contained in Paragraph No. 25 because it has no knowledge of the same and, therefore, calls upon Plaintiff to prove those allegations.

26.    Falmouth neither admits nor denies the allegations contained in Paragraph No. 26 because it has no knowledge of the same and, therefore, calls upon Plaintiff to prove those allegations.

    **WHEREFORE**, Falmouth asserts that Plaintiff's claim are without merit and that they should be dismissed.

### Count III - Violation of the ADA of 1990
### ((28 C.F. R. §35.105, Inadequate Self-Evaluation)

27-31.    Falmouth does not respond to the allegations comprising Count III because pending is **Defendant's Motion to Dismiss Count Iii of Plaintiff's Complaint**.

    **WHEREFORE**, Falmouth asserts that Plaintiff's claim are without merit and that they should be dismissed.

### Count IV - Violation of Massachusetts Equal Rights Law (M.G.L., c. 93, §103) and Article CXIV of the Massachusetts Constitution

32.    Falmouth repeats and makes responses to Paragraph Nos. 1-31 its response to Paragraph No. 32 as if set forth herein.

33.    Falmouth does not respond to the allegations contained in Paragraph No. 33 because it quotes legal provisions which speak for themselves.

34.    Falmouth denies the allegations contained in Paragraph No. 34.

35.    Falmouth denies that there is a continuing and ongoing violation of Plaintiff's rights. Falmouth neither admits nor denies the remaining allegations contained in Paragraph No. 35 because it has no knowledge of the same and, therefore, calls upon Plaintiff to prove those allegations.

    **WHEREFORE**, Falmouth asserts that Plaintiff's claim are without merit and that they should be dismissed.

<u>Third Defense</u>
    As a defense, Falmouth states that Plaintiff is precluded from recovery because Falmouth owed no duty to Plaintiff.

Fourth Defense

As a defense, Falmouth states that Plaintiff's damages were caused by third-parties for whom Falmouth had no responsibility.

Fifth Defense

As a defense, Falmouth states that Plaintiff's suggested modifications present Falmouth with an undue financial burden.

Sixth Defense

As a defense, Falmouth states that Plaintiff's suggested modifications would constitute a threat to the historic significance of the neighborhood.

Seventh Defense

As a defense, Falmouth states that Plaintiff is not entitled to compensatory and punitive damages because such damages are available only upon a showing of intentional discrimination.

Eighth Defense

As a defense, Falmouth states that whether Falmouth complied with the self-evaluation plan requirements of the Title II regulations is a question of law. Tyler v. City of Manhattan, 849 F.Supp. 1429, 1435 (D.Kan.1994).

Ninth Defense

As a defense, Falmouth states that even if it failed to comply with the self-evaluation plan requirements of the Title II regulations, such a failure is not actionable.

Tenth Defense

As a defense, Falmouth states that whether Falmouth complied with the self-evaluation plan requirements of the Title II regulations is a question of law. Tyler v. City of Manhattan, 849 F.Supp. 1429, 1435 (D.Kan.1994).

Eleventh Defense

As a defense, Falmouth states that Plaintiff failed to mitigate her damages.

Twelfth Defense

As a defense, Falmouth states that the Rehabilitation Act of 1973 is inapplicable because Falmouth received no federal funding to fund the construction, alteration and operation of the areas described in Plaintiff's Complaint.

## JURY DEMAND

Falmouth demands a trial by jury as to all issues so triable.

The Defendant,
TOWN OF FALMOUTH,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Davis, BBO #115890
Daniel G. Skrip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: June 24, 2005

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the
above document was served upon each attorney of
record, or pro se litigant, by mail/by hand.

June 24, 2005
Date                Attorney Daniel G. Skrip