UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN BARNETT WOOD, )<br>　　　　　　　　Plaintiff, )<br>v. )<br>　　　　　　　　　　　　　　 )<br>TOWN OF FALMOUTH, )<br>　　　　　　　　Defendant. )<br>　　　　　　　　　　　　　　 ) | DOCKET NO.: 05 - 10752 - NMG |

## DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT

### Introduction

This is an action in which Plaintiff, a disabled Falmouth resident, claims that Defendant Town of Falmouth ("Falmouth") has denied her accessible sidewalks, crosswalks and ramps throughout Falmouth. Now comes Falmouth to move the Court to dismiss Count III (Violation of the Americans with Disabilities Act of 1990 (28 C.F. R. §35.105, Inadequate Self-Evaluation)) of her Complaint because Count III fails to state a claim for which relief can be granted. Rule 12(b)(6) Fed.R.Civ.P.

As grounds for this Motion, Falmouth states that Americans with Disabilities Act of 1990 does not give rise to a private right of action for a violation 28 C.F. R.§ 35.105 (Self-Evaluation).

Attached is Plaintiff's Complaint and filed herewith is memorandum of law in support of this motion is filed herewith.

**WHEREFORE**, Falmouth requests that this Court allow the instant motion and dismiss Count III.

### Request for Oral Argument

Concord Defendants request an oral argument.

The Defendant,
TOWN OF FALMOUTH,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
John J. Davis, BBO #115890
Daniel G. Skip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: June 24, 2005

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on this day a true copy of the
above document was served upon each attorney of
record, or pro se litigant, by mail/by hand.

<u>June 24, 2005</u>
Date                Attorney Daniel G. Skrip

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**DOCKET NO.**

|  |  |
|---|---|
| SUSAN BARNETT WOOD,<br>    Plaintiff | ) |
| | ) |
| | )    **COMPLAINT** |
| v. | ) |
| | ) |
| TOWN OF FALMOUTH,<br>    Defendant | ) |
| | ) |

### INTRODUCTION

1.      This action arises from the denial of accessible sidewalks, crosswalks, and ramps to qualified handicapped individuals and/or persons with disabilities throughout the Town of Falmouth, MA.

2.      The public sidewalks, crosswalks, and ramps located in the Town of Falmouth are supposed to allow for equal accessibility for all. Instead, they are decidedly inaccessible for persons with mobility disabilities, who are relegated to second-class or worse status due to the numerous physical access barriers in these sidewalks, crosswalks, and ramps throughout the Town of Falmouth. For example, a person in a wheelchair must, to travel along public pedestrian routes in Falmouth, contend with excessive and unsafe cross-slopes, a lack of adequate curb cuts and ramps, insufficient clearance, and excessive curb ramp lips. Thus, the plaintiff, as a person who is a "qualified handicapped individual" and/or a "person with disabilities" is unable to properly and safely travel these public routes in Falmouth as an equal citizen under the law, in violation of her civil rights

3       The plaintiff, who is a person with a physical disability and/or who has a "handicap" has been denied equal protection under the law and rights and civil rights

secured under state and federal law. The plaintiff seeks injunctive relief to require the
defendant to make these areas properly accessible and in compliance with the law.
The plaintiff also seeks recovery of damages for her discriminatory experiences and
seeks recovery of reasonable attorneys' fees and litigation expenses and costs,
according to statute.

### JURISDICTION

4.    This Court has proper original jurisdiction over this action pursuant to
28 U.S.C., § 1331, where the claims herein raise federal questions under the
constitution and laws of the United States. This Court also has supplemental
jurisdiction over all claims arising under the laws of the Commonwealth of
Massachusetts pursuant to 28 U.S.C., § 1367.

### THE PARTIES

5.    The plaintiff, Susan Barnett Wood (hereinafter "Wood"), is a resident of
the Commonwealth of Massachusetts and lives at 15 Jericho Path, Falmouth, MA.
Ms. Wood requires the use of a wheelchair or motorized scooter to move about. She
has had at all relevant times a "handicap" and is a "qualified handicapped individual"
as these terms are used under Massachusetts state laws including, but not limited to,
M.G.L. c. 151B, § 1(17) and M.G.L.A. Const. Amend. Art. 114. Additionally, she is,
and was at all relevant times, a physically disabled person and a "person with
disabilities," as these terms are used under federal law including, but not limited to, §
504 of the Rehabilitation Act of 1973 and Title II of the Americans With Disabilities Act
of 1990

6.     The defendant, Town of Falmouth (hereinafter "Falmouth"), is a town in the Commonwealth of Massachusetts and is a public entity subject to Article CXIV of the Massachusetts Constitution, M.G.L. c. 93, § 103, Title II of the Americans with Disabilities Act, the requirements of § 504 of the Rehabilitation Act, and to all other legal requirements referred to in this complaint. Upon information and belief, Falmouth owns, controls, and maintains all of the areas and routes of passage that are the subject of this action.

## FACTS

7.     The plaintiff has repeatedly, including on a frequent and regular basis during the past three years, encountered hazardous and inaccessible conditions along a number of public pedestrian routes throughout Falmouth.

8.     These areas include, but are not limited to, the sidewalks, crosswalks, and ramps at the following locations:  the intersection of Jericho Path and Falmouth Heights Road; the west sidewalk along Falmouth Heights Road; the crosswalk across Falmouth Heights Road at Davis Straights Road; the south sidewalk along Main Street in front of Fleet Bank; the south sidewalk along Main Street in front of Cumberland Farms and Maytag; the north sidewalk along Main Street in front of the Governor Fuller Recreation Center; the north curb ramp for crossing Main Street at Scranton; the southeast and southwest corner of Scranton and Main Street, the north end of west crosswalk at the corner of Nie Road and Main Street; the southeast and southwest corners of Nie Road and Main Street; the crosswalk across Main Street at St Patrick's; the crosswalk across Main Street at Brook's Drugstore; the intersection of Main Street and King Street; the north sidewalk along Main Street east of Walker Street; the south sidewalk along Main Street in front of Puritan Street; the north end of



corner of Main Street and Post Office Road; and the pedestrian route from Main Street to the bus station.

9.    The foregoing areas, and many others in Falmouth, fail to comply with the Americans with Disabilities Act, Accessibility Guidelines for Buildings and Facilities (ADAAG). Problems with these areas include, but are not limited to, lack of sufficient landings at the top of curb ramps, excessive sidewalk cross-slopes, excessive vertical displacements, lack of sufficient sidewalk clearance or sidewalk obstructions, lack of curb ramps, and excessive bumps or curb ramp lips.

10.    On numerous occasions, the plaintiff has been unable to safely travel these and other pedestrian routes in Falmouth due to their inaccessibility. On several occasions, the dangerous conditions described above have caused the plaintiff's motorized scooter to jolt violently or to tip over. In some places, the plaintiff has been forced to operate her scooter on the street at a serious risk of injury and forcing her to suffer the indignity of being yelled at by passing motorists.

11.    The plaintiff has repeatedly brought the accessibility problems to the attention of Falmouth representatives. However, despite the plaintiff's request that some action be taken by Falmouth to remedy these problems, upon information and belief, the defendant has failed to take any action whatsoever.

12.    Upon information and belief, even a number of sidewalks, crosswalks, and ramps that have been recently renovated and repaved by Falmouth remain unsafe in violation of the law.

13.    As a result of the defendant's actions and failure to act and as a result of its failure to provide suitable disabled access, Ms. Wood has suffered a denial of her civil rights, physical and emotional discomfort, pain and suffering, and a denial of her rights to full and equal access to public pedestrian routes of travel all to her general

and statutory damages.  As a result of the foregoing facts, Ms. Wood has been denied her civil rights, was embarrassed, humiliated, and was denied full and equal access solely on the basis that she is physically disabled.

### COUNT I

#### Discrimination in Violation of Title II of the Americans With Disabilities Act of 1990

14.    The plaintiff restates, reasserts, and incorporates by reference the allegations contained in paragraphs 1 through 13 of her complaint as if specifically set forth herein.

15.    At all times herein mentioned, the plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the Americans with Disabilities Act of 1990 (hereinafter referred to alternatively as the "ADA").  Pursuant to 42 U.S.C., § 12132, § 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.  Defendant Falmouth was and is such a public entity.  The plaintiff was, at all times relevant herein, a qualified individual with a disability for all purposes under the ADA.

16.    In violation of Title II of the ADA, the defendant has failed to ensure that individuals with physical disabilities such as the plaintiff is not excluded from routes of public travel throughout the Town of Falmouth.

17.    As a result of such discrimination, in violation of § 202 of the ADA, the plaintiff is entitled to the remedies, procedures, and rights set forth in § 504 of the Rehabilitation Act of 1973 (29 U S C § 794(a) as provided by § 203 of the ADA

18.    Despite being informed of the conditions described above, the defendant, upon information and belief, to the date of filing this Complaint, has failed to bring the Town's public routes of pedestrian transportation into compliance with the law and accessible to and usable by physically disabled persons as required by law.

19.    The plaintiff requests that an injunction be ordered requiring the defendant to make all such areas herein described accessible to and usable by disabled persons to ensure that no disabled person using a wheelchair or who is otherwise mobility impaired is denied the full and equal use of all sidewalks, crosswalks, and ramps in the Town of Falmouth.

20.    The plaintiff requests appropriate damages, litigation expenses and costs, and reasonable attorneys' fees as provided by law.

WHEREFORE, the plaintiff prays that this Court grant relief as requested herein below.

## COUNT II

### Violation Of §504 Of The Rehabilitation Act Of 1973

21.    The plaintiff restates, reasserts, and incorporates by reference the allegations contained in paragraphs 1 through 20 of her complaint as if specifically set forth herein.

22.    Defendant is a government entity existing under the laws of the Commonwealth of Massachusetts and the United States government, with responsibility for, *inter alia*, constructing, maintaining, and operating the public routes of pedestrian access in the Town of Falmouth, including sidewalks, crosswalks, and ramps  Plaintiff is informed and believes, and thereon alleges  that the Town of Falmouth and the Commonwealth have each been a recipient of Federal financial

assistance, and that part of that financial assistance was and is used to fund the construction, alteration and operation of the subject areas as described above.

23.    By its actions or inaction in denying accessible public routes of pedestrian access, defendant has violated plaintiff's rights under §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, and the regulations promulgated thereunder.

24.    Plaintiffs has no adequate remedy at law, and unless the relief requested herein is granted, plaintiff or any other similarly situated disabled persons who have cause to use the subject areas will suffer irreparable injury by the deprivation of proper access.

25.    Plaintiff requests that an injunction be ordered requiring that defendant make all such areas described herein accessible to, and usable by, disabled persons and set up practices and procedures to ensure that no disabled person using a wheelchair or who is otherwise mobility impaired is denied the use of properly accessible public routes of pedestrian access throughout Falmouth.

26.    Plaintiff requests appropriate damages, litigation expenses and costs, and reasonable attorneys' fees as provided by law.

WHEREFORE, plaintiff prays that this Court grant relief as requested herein below.

## COUNT III

### Violation Of Americans With Disabilities Act, 28 C.F.R §35.105, Inadequate Self-Evaluation

27.    The plaintiff restates, reasserts, and incorporates by reference the allegations contained in paragraphs 1 through 26 of her complaint as if specifically set forth herein

28.    Under the regulations implementing Title II of the ADA, the defendant is required to develop a self-evaluation plan which evaluates its current services, policies, and practices, and the effects thereof that do not or may not meet the Title II requirements for public entities. The regulations further require that the defendant evaluates the extent to which modification of any such services, policies, and practices is required, and implement such modifications to ensure compliance with Title II of the ADA and its implementing regulations. 28 C.F.R. §35.105(a).

29.    Upon information and belief, the defendant violated Title II and its implementing regulations by failing to develop an adequate self-evaluation plan and failing to identify and implement modifications necessary to achieve compliance with Title II with respect to public routes of pedestrian access in Falmouth, including sidewalks, crosswalks, and ramps.

30.    Upon information and belief, in violation of 28 C.F.R. §35.105(c), defendant also failed to maintain on file and make the following items available for public inspection for at least three years following completion of the self-evaluation plan: a list of the interested persons consulted; a description of areas examined and any problems identified, and; a description of any modifications made.

31.    Defendant's conduct constitutes an ongoing and continuous violation of the ADA, and said conduct, unless enjoined, will continue to inflict injuries for which the plaintiff has no adequate remedy at law. Consequently, the plaintiff is entitled to injunctive relief and damages as set forth in the prayer for relief herein.

WHEREFORE, plaintiff prays that this Court grant relief as requested herein below.

### COUNT IV

### Violation Of The Massachusetts Equal Rights Law, M.G.L. C.93 §103 And Article CXIV Of The Massachusetts Constitution

32.   The plaintiff restates, reasserts, and incorporates by reference the allegations contained in paragraphs 1 through 31 of her complaint as if specifically set forth herein.

33.   M.G.L. c.93, §103 provides that "[a]ny person within the commonwealth, regardless of handicap or age. .shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, including, but not limited to, the rights secured under Article CXIV of the Amendments to the Constitution." Article CXIV of the Massachusetts Constitution provides that "[n]o otherwise qualified handicapped individual shall, solely by reason of his handicap, be excluded from the participation in, denied the benefits of, or be subject to discrimination under any program or activity within the commonwealth."

34.   Through the acts and omissions described hereinabove, in denying the plaintiff full and equal access to Falmouth's routes of public travel, the defendant has violated the provisions of M.G.L. c. 93, §103, and denied the plaintiff her rights secured under Article CXIV of the Massachusetts Constitution.

35.   To prevent this continuing and ongoing violation of her rights, the plaintiff seeks injunctive and other appropriate equitable relief, as described below, as well as compensatory and exemplary damages, litigation costs and reasonable attorneys' fees.

WHEREFORE, plaintiff prays that this Court grant relief as requested herein below

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Susan Barnett Wood, prays that this Honorable

Court:

1.    Issue a preliminary and permanent injunction directing the defendant to

modify its public routes of pedestrian access, including the above-

described areas, so that each provides full and equal access to all

citizens, including persons with disabilities, as required by law;

2.    Retain jurisdiction over the defendant until such time as the Court is

satisfied that the defendant's unlawful policies, practices, acts, and

omissions, and maintenance of its public places as complained herein

has been properly remedied;

3.    Award to the plaintiff all appropriate damages, including but not limited

to, statutory damages, general damages, and special damages in an

amount within the jurisdiction of the Court, according to proof;

4.    Award to the plaintiff all litigation expenses and costs of this proceeding

and all reasonable attorney fees as provided by law; and,

5.    Grant such other and further relief as this court may deem just and

proper.

### JURY DEMAND

The plaintiff, Susan Barnett Wood, demands a trial by jury on all issues so triable.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

Michael B. Newman (632222)
William J. Hunt (244720)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN BARNETT WOOD, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | DOCKET NO.: 05 - 10752 - NMG |
| TOWN OF FALMOUTH, ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT

### Introduction

This is an action in which Plaintiff, a disabled Falmouth resident, claims that Defendant

Town of Falmouth ("Falmouth") has denied her accessible sidewalks, crosswalks and ramps

throughout Falmouth. Plaintiff drives her claim with four counts utilizing a variety of statutes

including, among others, the Americans with Disabilities Act of 1990 and the Rehabilitation Act of

1973. Falmouth now moves to dismiss Count III - Violation of Americans with Disabilities Act, 28

C.F.R. § 35.105, Inadequate Self-Evaluation - because the failure to complete a self-evaluation under

the ADA does not give rise to a private right of action.

Immediate dismissal of Count III is warranted.

### Facts[1]

Plaintiff is a Falmouth resident living at 15 Jericho Path in Falmouth. (Complaint, ¶ 8.) She

requires a wheelchair or motorized scooter to move about. (Complaint, ¶ 8.) She claims that in at

least 15 locations around Falmouth, Falmouth failed to remedy hazardous and inaccessible

conditions along a number of pedestrian routes; she claims that these failures constitute ADA

---

[1] A copy of Plaintiff's Complaint is attached to Falmouth's Motion. Falmouth assumes the truth of the allegations therein for the purposes of this Motion **only**. Falmouth's reliance on these facts does not constitute any form of admission as to those allegations.

violations.[2] (Complaint, ¶¶ 8-9.) Aside from the (alleged) statutory and Constitutional violations those impediments present, Plaintiff accuses Falmouth of violating 28 C.F.R. §35.105, a regulation stemming from the ADA, by failing to develop a self-evaluation plan. (Complaint, §§28-29.) To that end, Plaintiff alleges that pursuant to 28 C.F.R. §35.105, Falmouth was required to develop a self-evaluation plan which scrutinizes its services, policies and practices, and the effects thereof that do not meet Title II requirements. (Complaint, §28.) Plaintiff claims that Falmouth "violated Title II and its implementing regulations by failing to develop an adequate self-evaluation plan and failing to identify and implement modifications necessary to achieve compliance with Title II ... ." (Complaint, §29.) Such failure, Plaintiff contends, "constitutes an ongoing and continuous violation of the ADA, and said conduct, unless enjoined, will continue to inflict injuries for which the plaintiff has no adequate remedy at law." (Complaint, §30.)

For that alleged violation of 28 C.F.R. §35.105, Plaintiff seeks injunctive relief, compensatory damages, costs and attorneys fees. (Complaint, p. 10.)

## Argument

I.    The Standard on Motions to Dismiss.

In ruling on a motion under Fed.R.Civ.P. 12(b)(6), courts are to construe the Complaint in the light most favorable to the plaintiffs and the allegations are to be taken as true. Wright & Miller, 5A Federal Practice and Procedure: Civil 2d § 1357. "Nevertheless, it is also well established that the pleading requirements are 'not entirely . . . toothless.'" Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990), citing Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir.

---

[2] By way of example, Plaintiff claims that "the west sidewalk along Falmouth Heights Road" and "the cross walk across Falmouth Heights Road at Davis Straights Road" are not ADA compliant. (Complaint, ¶8.)

1989). For example, legal conclusions or opinions couched as factual allegations are not given a

presumption of truthfulness. 2A J. Moore, Moore's Federal Practice ¶12.07[2.-5]. Moreover, each

general allegation must be supported by a specific factual basis. Fleming, 922 F.2d at 23. The

necessary factual averments are required with respect to each material element of the underlying

theory. Id. at 24.

II.    Count III Does Not Present An Actionable Claim.

Plaintiff assumes that 28 C.F.R. § 35.105 is enforceable through Title II's private cause

of action. This assumption contradicts guiding caselaw.

Like substantive federal law itself, private rights of action to enforce federal law must be

created by Congress. Alexander v. Sandoval, 532 U.S. 275, 286 (2001).[3] The judicial task is to

interpret the statute Congress has passed to determine whether it displays an intent to create not just

a private right but also a private remedy. Id. Fortunate for the purposes of this case, this 'judicial

task' (as it defines the relationship between 28 C.F.R. § 35.150(d) and Title II of the ADA) has

already been undertaken by the United States Court of Appeals for the Sixth Circuit - Ability Center

of Greater Toledo v. City of Sandusky, 385 F.3d 901, 913 (6th Cir. 2004).[4] See also Matthews v.

Jefferson, 29 F.Supp.2d 525, 539-40 (W.D.Ark.1998) (finding that the mere failure to adopt a

transition plan in accordance with § 35.150(d) is not independently enforceable). Addressing 28

C.F.R. § 35.105 directly, the United States District Court for the District of Ohio stated that held that

"there is no private right of action to enforce the self-evaluation and transition plan requirements set

---

[3] "Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals". Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 365 (1991) (Scalia, J., concurring in part and concurring in judgment).

[4] The regulation at issue in Sandusky, 28 C.F.R. §35.150(d) (Transition Plan), and the regulation at issue here, 28 C.F.R. §35.105 (Self-Evaluation), are very similar both calling for plans of action to effect the ADA.

forth in the regulations accompanying Title II." <u>Deck v. City of Toledo</u>, 76 F.Supp.2d 816, 823 (N.D.Ohio 1999).

Section 35.150(d) required that, by August 26, 1992, a public entity must have developed a transition plan: 1) identifying physical obstacles limiting accessibility in facilities; 2) providing curb ramps for pedestrian walks cross curbs, giving priority to walkways serving entities such as government offices and facilities; 3) describing the methods used to make the facilities accessible; 4) specifying the schedule for taking the steps necessary to achieve compliance; and 5) indicating the official responsible for implementation of the plan. The United States Court of Appeals for the Sixth Circuit in <u>Sandusky</u> asked whether §35.150(d) enforces an express mandate of Title II or imposes unique obligations on public entities. 385 F.3d at 913. If § 35.150(d) imposed obligations not explicitly contemplated by Title II, then it is not enforceable through the ADA's private cause of action. <u>Id</u>. The <u>Sandusky</u> court held that failing to develop a transition plan in violation of § 35.150(d) does not in and of itself hinder the disabled (as would failing to provide curb cuts and other accommodations). <u>Id</u>. at 913 and 914. "Section 35.150(d) may create a procedural requirement that encourages public entities to consider and plan ways in which they will accommodate the disabled, and it may ultimately facilitate compliance with Title II, but there is no indication that a public entity's failure to develop a transition plan harms disabled individuals, let alone in a way that Title II aims to prevent or redress." <u>Id</u>. at 914. It is conceivable that a public entity could fully satisfy its obligations to accommodate the disabled while at the same time fail to put forth a suitable transition plan. Section 35.150(d) would be enforceable through Title II's private cause of action if there were a stronger, more explicit indication from the statute itself that Congress viewed the creation of transition plans as integral to the achievement of the statute's aims, or that

Congress considered a public entity's failure to adopt such a plan as a form of discrimination against disabled individuals or as a failure to provide them with meaningful access to public services; but there is no indication that Congress conceptualized of transition plans or the failure to adopt them in this manner. Id. at 914. Citing Sandoval, the Sandusky court held that § 35.150(d) "creates obligations not necessarily required by § 202 [of the ADA] and, therefore, it is not enforceable under Title II's private cause of action." Id. at 914.

Plaintiff here claims that Falmouth does not have a formal, written self-evaluation as required by 28 C.F.R. § 35.105 (Self-Evaluation). Plaintiff's Count III collapses under the weight of Sandusky, Toledo, and Matthews and for the reasons the Sixth Circuit sank the plaintiff's argument in Sandusky, Plaintiff's argument here must founder as well. This Court should dismiss Count III.

## Conclusion

In light of the foregoing, Defendant Town of Falmouth requests that this Court allow the instant Motion and dismiss Count III.

The Defendant,
TOWN OF FALMOUTH,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on _6-24-05_ .

John J. Davis, BBO #115890
Daniel G. Skip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: June 24, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUSAN BARNETT WOOD,  )
Plaintiff,  )
v.  )
)    DOCKET NO.: 05 - 10752 - NMG
TOWN OF FALMOUTH,  )
Defendant.  )
)

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT

### Introduction

This is an action in which Plaintiff, a disabled Falmouth resident, claims that Defendant Town of Falmouth ("Falmouth") has denied her accessible sidewalks, crosswalks and ramps throughout Falmouth. Plaintiff drives her claim with four counts utilizing a variety of statutes including, among others, the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973. Falmouth now moves to dismiss Count III - Violation of Americans with Disabilities Act, 28 C.F. R. § 35.105, Inadequate Self-Evaluation - because the failure to complete a self-evaluation under the ADA does not give rise to a private right of action.

Immediate dismissal of Count III is warranted.

### Facts[1]

Plaintiff is a Falmouth resident living at 15 Jericho Path in Falmouth. (Complaint, ¶ 8.) She requires a wheelchair or motorized scooter to move about. (Complaint, ¶ 8.) She claims that in at least 15 locations around Falmouth, Falmouth failed to remedy hazardous and inaccessible conditions along a number of pedestrian routes; she claims that these failures constitute ADA

---

[1]  A copy of Plaintiff's Complaint is attached to Falmouth's Motion. Falmouth assumes the truth of the allegations therein for the purposes of this Motion **only**. Falmouth's reliance on these facts does not constitute any form of admission as to those allegations.

violations.[2] (Complaint, ¶¶ 8-9.) Aside from the (alleged) statutory and Constitutional violations those impediments present, Plaintiff accuses Falmouth of violating 28 C.F.R. §35.105, a regulation stemming from the ADA, by failing to develop a self-evaluation plan. (Complaint, §§28-29.) To that end, Plaintiff alleges that pursuant to 28 C.F.R. §35.105, Falmouth was required to develop a self-evaluation plan which scrutinizes its services, policies and practices, and the effects thereof that do not meet Title II requirements. (Complaint, §28.) Plaintiff claims that Falmouth "violated Title II and its implementing regulations by failing to develop an adequate self-evaluation plan and failing to identify and implement modifications necessary to achieve compliance with Title II ... ." (Complaint, §29.) Such failure, Plaintiff contends, "constitutes an ongoing and continuous violation of the ADA, and said conduct, unless enjoined, will continue to inflict injuries for which the plaintiff has no adequate remedy at law." (Complaint, §30.)

For that alleged violation of 28 C.F.R. §35.105, Plaintiff seeks injunctive relief, compensatory damages, costs and attorneys fees. (Complaint, p. 10.)

## **Argument**

I.   The Standard on Motions to Dismiss.

In ruling on a motion under Fed.R.Civ.P. 12(b)(6), courts are to construe the Complaint in the light most favorable to the plaintiffs and the allegations are to be taken as true. Wright & Miller, 5A Federal Practice and Procedure: Civil 2d § 1357. "Nevertheless, it is also well established that the pleading requirements are 'not entirely . . . toothless.'" Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990), citing Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir.

---

[2]   By way of example, Plaintiff claims that "the west sidewalk along Falmouth Heights Road" and "the cross walk across Falmouth Heights Road at Davis Straights Road" are not ADA compliant. (Complaint, ¶8.)

1989). For example, legal conclusions or opinions couched as factual allegations are not given a presumption of truthfulness. 2A J. Moore, Moore's Federal Practice ¶12.07[2.-5]. Moreover, each general allegation must be supported by a specific factual basis. <u>Fleming</u>, 922 F.2d at 23. The necessary factual averments are required with respect to each material element of the underlying theory. <u>Id</u>. at 24.

II.    <u>Count III Does Not Present An Actionable Claim.</u>

Plaintiff assumes that 28 C.F.R. § 35.105 is enforceable through Title II's private cause of action. This assumption contradicts guiding caselaw.

Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286 (2001).[3]  The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. <u>Id</u>.  Fortunate for the purposes of this case, this 'judicial task' (as it defines the relationship between 28 C.F.R. § 35.150(d) and Title II of the ADA) has already been undertaken by the United States Court of Appeals for the Sixth Circuit - <u>Ability Center of Greater Toledo v. City of Sandusky</u>, 385 F.3d 901, 913 (6th Cir. 2004).[4]  <u>See</u> <u>also</u> <u>Matthews v. Jefferson</u>, 29 F.Supp.2d 525, 539-40 (W.D.Ark.1998) (finding that the mere failure to adopt a transition plan in accordance with § 35.150(d) is not independently enforceable).  Addressing 28 C.F.R. § 35.105 directly, the United States District Court for the District of Ohio stated that held that "there is no private right of action to enforce the self-evaluation and transition plan requirements set

---

[3]  "Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals". <u>Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson</u>, 501 U.S. 350, 365 (1991) (Scalia, J., concurring in part and concurring in judgment).

[4]  The regulation at issue in <u>Sandusky</u>, 28 C.F.R. §35.150(d) (Transition Plan), and the regulation at issue here, 28 C.F.R. §35.105 (Self-Evaluation), are very similar both calling for plans of action to effect the ADA.

forth in the regulations accompanying Title II." Deck v. City of Toledo, 76 F.Supp.2d 816, 823 (N.D.Ohio 1999).

Section 35.150(d) required that, by August 26, 1992, a public entity must have developed a transition plan: 1) identifying physical obstacles limiting accessibility in facilities; 2) providing curb ramps for pedestrian walks cross curbs, giving priority to walkways serving entities such as government offices and facilities; 3) describing the methods used to make the facilities accessible; 4) specifying the schedule for taking the steps necessary to achieve compliance; and 5) indicating the official responsible for implementation of the plan. The United States Court of Appeals for the Sixth Circuit in Sandusky asked whether §35.150(d) enforces an express mandate of Title II or imposes unique obligations on public entities. 385 F.3d at 913. If § 35.150(d) imposed obligations not explicitly contemplated by Title II, then it is not enforceable through the ADA's private cause of action. Id. The Sandusky court held that failing to develop a transition plan in violation of § 35.150(d) does not in and of itself hinder the disabled (as would failing to provide curb cuts and other accommodations). Id. at 913 and 914. "Section 35.150(d) may create a procedural requirement that encourages public entities to consider and plan ways in which they will accommodate the disabled, and it may ultimately facilitate compliance with Title II, but there is no indication that a public entity's failure to develop a transition plan harms disabled individuals, let alone in a way that Title II aims to prevent or redress." Id. at 914. It is conceivable that a public entity could fully satisfy its obligations to accommodate the disabled while at the same time fail to put forth a suitable transition plan. Section 35.150(d) would be enforceable through Title II's private cause of action if there were a stronger, more explicit indication from the statute itself that Congress viewed the creation of transition plans as integral to the achievement of the statute's aims, or that

Congress considered a public entity's failure to adopt such a plan as a form of discrimination against disabled individuals or as a failure to provide them with meaningful access to public services; but there is no indication that Congress conceptualized of transition plans or the failure to adopt them in this manner. Id. at 914. Citing Sandoval, the Sandusky court held that § 35.150(d) "creates obligations not necessarily required by § 202 [of the ADA] and, therefore, it is not enforceable under Title II's private cause of action." Id. at 914.

Plaintiff here claims that Falmouth does not have a formal, written self-evaluation as required by 28 C.F.R. § 35.105 (Self-Evaluation). Plaintiff's Count III collapses under the weight of Sandusky, Toledo, and Matthews and for the reasons the Sixth Circuit sank the plaintiff's argument in Sandusky, Plaintiff's argument here must founder as well. This Court should dismiss Count III.

### Conclusion

In light of the foregoing, Defendant Town of Falmouth requests that this Court allow the instant Motion and dismiss Count III.

The Defendant,
TOWN OF FALMOUTH,
By its attorneys,

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on ___6-27-05___.

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Davis, BBO #115890
Daniel G. Skip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: June 24, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUSAN BARNETT WOOD,          )
                  Plaintiff,          )
                              )
v.          )
                              )          DOCKET NO.: 05 - 10752 - NMG
TOWN OF FALMOUTH,          )
                 Defendant.          )
                              )

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

      Attorney Daniel G. Skrip, the undersigned, certifies that pursuant to Local Rule 7.1 he conferred with Plaintiff's attorney to attempt to narrow the issues raised in **Defendant's Motion to Dismiss Count III of Plaintiff's Complaint**. Unfortunately, the discussion did not lead to a narrowing of the issues.

                                  Daniel G. Skrip

Dated:  June 24, 2005

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the
above document was served upon each attorney of
record, or pro se litigant, by mail/by hand.

June 24, 2005
   Date           Attorney Daniel G. Skrip