United States District Court
District of Massachusetts

|  |  |
|---|---|
| SUSAN BARNETT WOOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF FALMOUTH, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>05-10752-NMG |

MEMORANDUM & ORDER

GORTON, J.

The plaintiff, Susan Barnett Wood ("Wood"), is a resident of the Town of Falmouth ("Town"), the defendant in this action. Wood requires the use of a wheelchair or motorized scooter for mobility. In a complaint filed in federal district court on April 14, 2005, she alleges that the Town has violated Title II of the Americans with Disabilities Act of 1990 ("ADA") (Count I), Section 504 of the Rehabilitation Act of 1973 and regulations promulgated thereunder (Count II), 28 C.F.R. § 35.105, which is a regulation promulgated under Title II of the ADA, (Count III) and the Massachusetts Equal Rights Law and Massachusetts Constitution (Count IV) on the grounds that the Town has failed to maintain accessible public sidewalks, crosswalks and ramps. Wood seeks injunctive relief and damages.

Currently pending before the Court is defendant's motion to

dismiss Count III of plaintiff's complaint, which alleges a violation of 28 C.F.R. § 35.105 (hereinafter "§ 35.105"), a regulation that requires public entities to perform self-evaluations of their access-related "services, policies, and practices", to provide an opportunity for interested individuals to participate in the self-evaluation process, to keep records of the evaluation in a publicly available location and to remedy deficiencies that are found. Defendant contends that there is no private right of action under the self-evaluation regulation. Plaintiff opposes the motion.

A court may not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Whether a federal regulation affords a private right of action is a purely legal question which this Court may appropriately decide under a Rule 12(b)(6) motion to dismiss.

The First Circuit Court of Appeals has not considered whether a private cause of action exists under § 35.105 but cases from the United States Supreme Court and other federal courts provide guidance on the matter. In Alexander v. Sandoval, 532 U.S. 275 (2001), the Supreme Court considered whether a private

right of action was available to enforce a particular regulation promulgated under Title VI of the Civil Rights Act of 1964. The Sandoval Court concluded that, notwithstanding the existence of a private right of action under Title VI itself, no such right was available to enforce the implementing regulation at issue because the scope of that regulation exceeded the ambit of the statutory private right of action intended by Congress. See id. at 285 ("It is clear now that the disparate-impact regulations do not simply apply § 601 - since they indeed forbid conduct that § 601 permits - and therefore clear that the private right of action to enforce § 601 does not include a private right to enforce these regulations").

Instructive as well is Jackson v. Birmingham Bd. of Educ., 125 S. Ct. 1497 (2005), in which the Supreme Court held that claims of retaliation could be enforced by means of the private right of action available under Title IX of the Education Amendments of 1972 even though the statute did not explicitly refer to retaliation because retaliatory conduct was, by definition, a form of intentional discrimination which Title IX's private right of action was intended to combat.

Between Sandoval and Jackson, the Supreme Court has made clear that the existence of a statutory private right of action does not necessarily authorize private enforcement of valid regulations promulgated under the subject statute. The

touchstone is the intent of Congress. Where a regulation effectuates, without exceeding, a statutory private right of action created by Congress, that regulation may itself be enforced though the statutory private right of action. As the Supreme Court explained in Sandoval, a regulation of that nature does not create a new private right of action but is akin, rather, to a gloss on the existing private right of action. See Sandoval, 532 U.S. at 284. In contrast, where private enforcement of a regulation would, in effect, enlarge the statutory private right of action intended by Congress, the regulation may not be so enforced. Id. at 291. See also Ability Ctr. of Greater Toledo v. City of Sandusky, 385 F.3d 901, 906 (6th Cir. 2004).

Here, a private right of action is available for enforcing Title II of the ADA (hereinafter "Title II"). See, e.g., Parker v. Universidad de Puerto Rico, 225 F.3d 1 (1st Cir. 2000). Pursuant to 42 U.S.C. § 12133, a private right of action is afforded to "persons alleging discrimination on the basis of disability in violation of section 12132" which provides that

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132 (hereinafter "§ 12132").

Applying the reasoning of <u>Sandoval</u> and <u>Jackson</u> to this case, Wood is entitled to a private right of action to enforce § 35.105 so long as it would not enlarge the right of action created by Congress to enforce § 12132. <u>Cf.</u> <u>Sandusky</u>, <u>supra</u> (holding that 28 C.F.R. § 35.151 is privately enforceable because it "effectuates a mandate" of § 12132 but that 28 C.F.R. § 35.150(d) is not so enforceable because it imposes obligations beyond those required by § 12132).

After comparing the scope of § 12132 with the self-evaluation regulation, the Court concludes that an independent private right of action to enforce § 35.105 would enlarge the statutory right of action intended by Congress. Consequently, the Court will allow defendant's motion to dismiss that count of plaintiff's complaint.

Several courts have considered whether the self-evaluation provision is enforceable through a private right of action, with support available on both sides. <u>Compare</u> <u>Cherry v. City Coll. of San Francisco</u>, No. C04-04981, 2005 WL 2620560 (N.D. Cal. Oct. 14, 2005) (no private right of action), <u>and</u> <u>Ross v. City of Gatlinburg</u>, 327 F. Supp. 2d 834, 844 (E.D. Tenn. 2003) (same), <u>and</u> <u>Deck v. City of Toledo</u>, 76 F. Supp. 2d 816, 823 (N.D. Ohio 1999) (same), <u>with</u> <u>Chaffin v. Kan. State Fair Bd.</u>, 348 F.3d 850 (10th Cir. 2003) (private right of action available), <u>and</u> <u>McCready v. Mich. State Bar</u>, 881 F. Supp. 300, 306 (W.D. Mich.

1995) (same), and <u>Tyler</u> v. <u>City of Manhattan</u>, 857 F. Supp. 800 (D. Kan. 1994) (assuming the existence of a private right of action). <u>See also</u> <u>Matthews</u> v. <u>Jefferson</u>, 29 F. Supp. 2d 525, 539-40 (W.D. Ark. 1998) (suggesting that any private right of action to enforce § 35.105 would be limited).

In light of the guidance provided by <u>Sandoval</u> and <u>Jackson</u>, this Court is persuaded by the reasoning set forth in those opinions denying the availability of a private right of action to enforce the self-evaluation regulation. While allegations that the Town failed to comply with § 35.105 may be offered as evidence that it violated Title II of the ADA (Count I of Wood's complaint), those allegations do not establish an independent basis for relief.

Private enforcement of Title II is limited to claims by persons alleging discrimination in violation of § 12132 which prohibits public entities from discriminating against or denying various benefits to persons on account of their disabilities. Congress articulated no independent private right of action for enforcing the self-evaluation regulation promulgated under Title II. Consequently, private enforcement of that regulation is available only if encompassed within the statutory right of action to enforce § 12132.

In this case, the self-evaluation regulation imposes obligations on public entities to evaluate their policies and

practices concerning access, make necessary modifications, allow the public to participate in the evaluation process and maintain publicly available records. While the provision of § 35.105 that requires public entities to remedy noncompliance with Title II may arguably be enforceable to effectuate § 12132, the other provisions of the regulation go beyond the scope of § 12132. First, the regulation imposes obligations with respect to persons who are not disabled and would therefore be unable to make a claim under § 12132. Second, it sets forth requirements that are not necessarily imposed by § 12132 itself. In other words, a town could violate § 35.105 while complying in full with § 12132. A fortiori, allowing private enforcement of § 35.105 would exceed the right of action afforded by Congress to enforce § 12132.

This Court's conclusion follows from the reasoning set forth in Sandusky in which the Sixth Circuit Court of Appeals held that the transition plan requirement of 28 C.F.R. § 35.150(d) was not privately enforceable because while that regulation

> [might] ... encourage[] public entities to consider and plan ways in which they will accommodate the disabled and ... ultimately facilitate compliance with Title II, ... there is no indication that a public entity's failure to develop a transition plan harms disabled individuals, let alone in a way that Title II aims to prevent or redress. Indeed, it is conceivable that a public entity could fully satisfy its obligations to accommodate the disabled while at the same time fail to put forth a suitable transition plan.

Sandusky, 385 F.3d at 914.

**ORDER**

In accordance with the foregoing memorandum, Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (Docket No. 5) is **ALLOWED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: January 11, 2006