UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN BARNETT WOOD,<br>      Plaintiff,<br>v.<br>TOWN OF FALMOUTH,<br>      Defendant. | DOCKET NO.: 05 - 10752 - NMG |

## JOINT MOTION FOR A 60-DAY SETTLEMENT ORDER OF DISMISSAL

The Parties, pursuant to Fed.R.Civ.P. 41 and the Court's powers pursuant to the Civil Justice Reform Act of 1990, hereby seek a 60-day settlement Order of dismissal dismissing this action without costs and without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if settlement is not consummated by the parties. As part of that same Order, the Parties ask that the Court direct that, if after the sixty (60) days have passed and neither party has reopened the case, the Court shall dismiss the action with prejudice and without costs, and waiving all rights of appeal. As support for this Motion, the Parties state:

1. Plaintiff is a disabled, former Falmouth resident who is contesting various areas in Falmouth that she believes to be violative of the Americans with Disabilities Act.

2. The Parties have reached a settlement agreement (a copy of which is attached as A) that involves, in addition to a monetary payout, the remediation of many of the sites with which Plaintiff takes issue. Falmouth is in the process of conducting the remediation. Plaintiff, due to health issues, has had trouble executing the settlement agreement.

3. Trial is scheduled to begin on June 18, 2007.

4. The 60-day order procedure is a mechanism for the trial courts to bring cases to closure while retaining jurisdiction to enforce a settlement for a period of time after closure is announced. *Pratt v. Philbrook*, 109 F.3d 18, 21 n.5 (1st Cir. 1997). This is the scenario *sub judice*. The Parties would like to bring this matter to a close while enabling the Court to retain jurisdiction to enforce the settlement agreement if necessary.

WHEREFORE, the Parties seek a 60-day settlement Order of dismissal (a sample of which is attached as B) dismissing this action without costs and without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if settlement is not consummated by the parties. As part of that same Order, the Parties ask that the Court direct that, if after the sixty (60) days have passed and neither party has reopened the case, the Court shall dismiss the action with prejudice and without costs, and waiving all rights of appeal.

| | |
|---|---|
| Plaintiff,<br>SUSAN BARNETT WOOD<br>By her attorneys, | The Defendant,<br>TOWN OF FALMOUTH,<br>By its attorneys, |
| **CLARK, HUNT & EMBRY** | **PIERCE, DAVIS & PERRITANO, LLP** |
| /s/ Young Han<br>Young Han, BBO#664126<br>55 Cambridge Parkway<br>Cambridge, MA 02142<br>(617) 494-1920 | /s/ Daniel G. Skrip<br>John J. Davis, BBO #115890<br>Daniel G. Skrip, BBO #629784<br>Ten Winthrop Square<br>Boston, MA 02110<br>(617) 350-0950 |

Dated: May 2, 2007

**ATTACHMENT A**

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-10752-NMG

| | |
|---|---|
| SUSAN BARNETT WOOD,<br>    Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| TOWN OF FALMOUTH,<br>    Defendant | )<br>)<br>) |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into this ___ day of January, 2007, by and between the plaintiff, Susan Barnett Wood, and the defendant, Town of Falmouth. Plaintiff and defendant shall be referred to collectively as the "parties."

WHEREAS, the parties desire to resolve this action in its entirety without resort to additional litigation. This Settlement Agreement is a compromise of disputed claims. The defendant denies the material allegations in this action, but acknowledges that this Court has jurisdiction over the subject matter of this case as well as over the defendant. Nothing contained within this Settlement Agreement shall be construed as an admission of liability of any kind, including without limitation, an admission of liability on the part of the defendant as to any claim by the plaintiff in this action. Neither of the parties is to be considered a prevailing party.

NOW THEREFORE, all parties, in consideration of the promises contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, do agree as follows: Defendant shall pay the plaintiff the sum of $25,000.00, as compensation for any and all monies or payments that plaintiff was

1

seeking or could have sought in this action, including attorney fees and costs.

### *Remedial Measures*

The Town of Falmouth also agrees to perform the following measures. The code references are to the November 22, 2005 Survey of Selected Sidewalks in Falmouth Massachusetts for Compliance with the ADA (the "Survey"), attached hereto as Exhibit A and incorporated by reference herein:

- JP2: will be repaired with the Falmouth Heights Road Project (likely within 3 years)
- JP3-4: maintenance issue to be resolved in Spring 2007
- FH1-3: will be repaired with the Falmouth Heights Road Project (likely within 3 years)
- FH4: will be repaired in Spring 2007
- M1: will be repaired in Spring 2007
- M4-6: will be repaired in Spring 2007
- M9-10: will be repaired in Spring 2007
- M11-12: will be repaired in Fall 2007
- M13: will be repaired in Spring 2007
- M14: will be repaired in Fall 2007
- M18-21: will be repaired in Spring 2007 (pending possible utility issues)
- M27-29: will be repaired in Spring 2007

The Town of Falmouth agrees to make good faith and reasonable efforts to complete the aforementioned measures by the times indicated. The parties understand and acknowledge, however, that the Town is not responsible for delays beyond its control. The parties acknowledge that the areas identified by the Survey with the codes M15-16, M30 and M32 have already been addressed or corrected. The area identified by

code M31 is still under consideration, and the Town of Falmouth will use reasonable efforts to complete any necessary remedial modifications to this area.

If Plaintiff is unsatisfied with any of the above-referenced measures taken or to be taken by Falmouth, Plaintiff agrees to forego any litigation regarding those measures and submit her claim to a binding arbitration to be conducted by a neutral agreed to by both parties.

### *Release, Integration, and Amendment*

The parties hereby agree to remise, release, acquit and forever discharge each other and their present and former agents, servants, employees, and representatives, from any and all actions, causes of action, suits, claims, demands, and any other liabilities whatsoever of every name and nature, known and unknown, both in law and equity, in tort and in contract, by constitution and by statute, including but not limited to all damages, including punitive or exemplary damages or fines, costs, attorney fees, personal injuries, emotional distress, medical expenses, consequential damages, or any other thing whatsoever on account of, or in any way growing out of, any and all known or unknown, apparent or not apparent, past, present or future injuries resulting from, arising out of, or related to the incidents set forth, attempted to be set forth or which could have been set forth in the above-captioned action, and the investigation, handling, adjusting and negotiation of the claims of the plaintiff.

All parties have had ample opportunity to read every provision of this Settlement Agreement and to consult with their attorney regarding the Settlement Agreement. By signing this Settlement Agreement the parties represent that they understand each and every provision contained herein.

This Settlement Agreement constitutes the ENTIRE AGREEMENT of the parties. There are no other agreements, promises, warranties, conditions, stipulations, or assurances among the parties. This Settlement Agreement supersedes all prior oral and written discussions and all agreements.

This Settlement Agreement may be amended upon the agreement of all parties in writing without additional consideration.

This Settlement Agreement shall be deemed to be fully executed upon the date that it is signed by all persons whose signature is required.

Upon execution of this Settlement Agreement, the plaintiff shall file a joint stipulation of dismissal of this action with prejudice.

EXECUTED AS A SEALED INSTRUMENT THIS ___ day of January, 2007.

**SUSAN BARNETT WOOD**

_____     date_____
Susan Barnett Wood

**TOWN OF FALMOUTH**

_____     date_____
A duly authorized representative

**ATTACHMENT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN BARNETT WOOD,<br>      Plaintiff,<br>v.<br>TOWN OF FALMOUTH,<br>      Defendant. | DOCKET NO.: 05 - 10752 - NMG |

## 60-DAY SETTLEMENT ORDER OF DISMISSAL

  Following arguments regarding **Joint Motion for a 60-day Settlement Order of Dismissal**, brought before this Court on May 2, 2007, I hereby issue the following Order:

  This action is dismissed without costs and without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if settlement is not consummated by the parties. If after the sixty (60) days have passed and neither party has reopened the case, this action shall be dismissed with prejudice and without costs, and waiving all rights of appeal.

  So ordered.

                     _____
                     Honorable Nathaniel M. Gorton

Dated: